FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 NOV 13 PM 4:39

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVE KUITHE | CIVIL ACTION 07-8611 |
| VS. | NO. 07- |
| GULF CARIBE MARITIME, INC., A DIVISION OF FOSS MARITIME COMPANY AND AMERICAN S. S. OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION | SECTION: SECT. C MAG. 4 |
| | MAGISTRATE: |

## SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS

## JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is established pursuant to 28 U.S.C. § 1331 and 1333 and the Jones Act, 46 U.S.C. § 688.

2. Venue is appropriate pursuant to 28 U.S.C. § 1391, since the defendant may be found in this district.

## PARTIES

3. Plaintiff, Steve Kuithe, is of majority and is a citizen of Missouri.

4. Defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, is a foreign corporation that may be found in this State and District.



Fee Seaman
Process
X Dktd
CtRmDep
Doc. No

Defendant, American S. S. Owners Mutual Protection and Indemnity Association is a foreign insurance company that does business in this District.

## STATEMENT

5. At all times pertinent herein, plaintiff, Steve Kuithe, was a member of the crew of the M/V Caribe Pioneer owned and/or controlled by defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company. He was a seaman under the terms and conditions of the Jones Act, 46 U.S.C.A. § 688 and was in the course and scope of his employment as a seaman.

6. As of May 29, 2006, Plaintiff has been employed by defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, for some three years and employed on that date to be a member of the crew of the Caribe Pioneer, whose mission was pushing barges from Mobile to Puerto Rico and back.

7. On May 29, 2006, the Caribe Pioneer was docked in the Port of Mobile, Alabama and was made up to the barge Chem Caribe. Plaintiff was asked to perform work on the Barge Chem Caribe.

8. While he was performing this work and proceeding from the barge to the tug plaintiff twisted his left knee while descending the steel ladder affixed to the hull of the barge causing him to fall down the ladder, approximately eight (8) feet, striking his knee on the ladder and on the tug below.

## COUNT ONE – UNSEAWORTHINESS OF THE CARIBE PIONEER

9. Plaintiff's injuries were caused by the unseaworthiness of the Caribe Pioneer and the Barge Chem Caribe, which unseaworthiness consisted of, but was not limited to, the following:

a. Failure to have the necessary equipment or personnel to perform the necessary work aboard the vessel(s);

b. Failure to have the equipment aboard the vessel(s) able to assist plaintiff;

c. Failure to properly secure the vessel(s) and provide a safe place to work;

d. Failing to have a stanchion at the edge of the deck of the barge adjacent to the ladders so that plaintiff could safely step down onto the rung of the ladder;

e. Failure to have sufficient crew to perform the task that plaintiff was requested to do.

f. Failure to have two stanchions in the area of the ladder instead of only one;

g. Any and all other acts of unseaworthiness, which will be shown at the trial of this matter.

## COUNT TWO – NEGLIGENCE

9. The injuries to plaintiff, Steve Kuithe, were caused, with no contributing negligence on his part, by the negligence of Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, its agents and employees, which negligence consisted of but was not limited to the following:

a. Failure to remedy the unseaworthy condition mentioned above;

b. Failing to provide employees/business invitees, such as plaintiff herein, with a reasonably safe place to work;

c. Failing to furnish adequate equipment and crew;

d. Using unsafe operating practices;

e. Furnishing unsafe equipment and inadequate personnel to do the job;

f. Failure to properly train and/or implement safe work procedures;

g. Failure to furnish sufficient, knowledgeable, and competent supervisory personnel to monitor the work being performed;

h. Failure to take all precautions such as to avoid this accident;

i. Giving express or implied authorization for unsafe practices;

j. Not making certain that the area in which plaintiff was sent to work had been secured and made safe for the work that he was to perform;

k. Permitting the Barge Chem Caribe to have a ladder without stanchions or other proper supports;

l. Failing to file a USCG Form 2692;

m. Failure to maintain the vessel, failure to identify and correct, nonconformities and other hazards in accordance with the International Safety Management Code;

n. Failure to properly implement the International Safety Management Code;

o. Failure to warn plaintiff, Steve Kuithe, of suspected, known, or identified hazards on board the vessel;

p. Any and all of the acts of negligence which will be shown at the trial of this matter.

**COUNT THREE - MAINTENANCE AND CURE**

10. At all times pertinent to this action, plaintiff was and is entitled to the benefits of maintenance and cure. To the extent that either maintenance or cure is not

being appropriately paid or furnished, defendants are further liable for damages and attorney's fees.

**DAMAGES**

11. As a result of all acts and/or omissions set forth herein, the defendants are liable unto plaintiff, Steve Kuithe, for all damages as are reasonable in the premises, which damages consist of but are not limited to the following:

a) Past, present and future physical pain, suffering and loss of function;

b) Past, present and future mental pain, anguish and suffering;

c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d) Past, present and future loss of wages, including, but not limited to, loss of salary, fringe benefits, vacation, found, sick leave, overtime, parking, health and hospitalization insurance and disability coverage;

e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement, particularly his back;

f) General damages; and

g) Any and all other damages to be shown at the trial of this matter.

12. At all pertinent times there were in full force and effect policies of marine liability or other liability insurance issued by defendant, the American S. S. Owners Mutual Protection and Indemnity Association, to and in favor of defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, which policy affords coverage for liability of the nature asserted herein by plaintiff against defendant, Gulf

Caribe Maritime, Inc., a division of Foss Maritime Company, for damages and which policy inures to the benefit of plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:65, thereby rendering said defendant, the American S. S. Owners Mutual Protection and Indemnity Association, liable, in solido, with defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, for all damages as sued for herein..

## RESERVATION OF THE RIGHT TO AMEND

13. Plaintiff reserves the right to amend this said petition to join other responsible parties when their identities are known with certainty.

WHEREFORE, plaintiff, Steve Kuithe, demands judgment against the defendant, Gulf Caribe Maritime, Inc., a division of Foss Maritime Company, and defendant, the American S. S. Owners Mutual Protection and Indemnity Association, for his special damages, described above and to be proved at trial, for general damages for losses suffered by plaintiff, and for maintenance and cure, damages for any wrongful withholding of payment thereof, and reasonable attorney's fees, all plus legal interest on all sums from date of judicial demand until paid, all costs, and all just and equitable relief.

Respectfully submitted:

LAW OFFICE OF KENNETH W. JACQUES
A PROFESIONAL LAW CORPORATION

By: ______________________

Kenneth W. Jacques, # 7214 T.A.
St. Charles Place, Suite 4318
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 524-1954

KOERNER LAW FIRM

By: ______________________

Louis R. Koerner, Jr.
Louisiana Bar 7817
400 Lafayette Street
P.O. Box 4297
Houma, Louisiana 70361
Telephone: 985-580-0350
Telecopier: 985-580-0980
(Cellular) 985-232-7547
New Orleans: 504-581-9569
Lafayette: 337-289-9225
e-mail: koerner@koerner-law.com
URL: http:/www.koerner-law.com

**PLEASE SERVE:**

Gulf Caribe Maritime, Inc., a division of Foss Maritime Company,
251 St. Anthony Street
Mobile, Al 36603

the American S. S. Owners Mutual Protection and Indemnity Association
Ship Owners Claims Business Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004
Through the Secretary of State of Louisiana

**PLEASE SERVE:**

Gulf Caribe Maritime, Inc., a division of Foss Maritime Company,
Through its agent for service of process,
251 St. Anthony Street
Mobile, Al 36603

the American S. S. Owners Mutual Protection and Indemnity Association
Ship Owners Claims Business Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004
Through the Secretary of State of Louisiana