UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVE KUITHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8611** |
| **GULF CARIBE MARITIME, INC. ET AL** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is the motion of defendant Gulf Caribe Maritime, Inc., ("Gulf Caribe") to dismiss for lack of personal jurisdiction or alternatively, for the Court to exercise its discretion to transfer this Jones Act action for the convenience of witnesses and the parties to the United States District Court for the Southern District of Alabama, Southern Divisions, pursuant to 28 U.S.C. § 1404. Rec. Doc. 13. Subsequent to the filing of this motion, the parties jointly filed a joint motion to transfer to the same court. Rec. Doc. 17.

The decision to transfer venue under 28 U.S.C. § 1404(a) rests in the sound discretion of the district court, which must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing 15 C.WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847, at 370 (1986)). The pleadings of the parties and the affidavit, attached to Gulf Caribe's

motion, of John T. Bates, Operations Manager of Gulf Caribe, establish that the principal place of business of the defendant is in Mobile, Alabama, the accident at issue in this suit occurred in Mobile, Alabama, and that the principal fact witnesses may be located in Alabama during the regular calls of the vessel involved.  *See* Rec. Docs. 1; 13-4.   Based on these facts, the record, memorandum in support of the motion to dismiss for lack of jurisdiction or to transfer, the joint motion to transfer, and the law, the Court finds that the instant action would more conveniently proceed and the interests of justice would be better served by transfer to the Southern District of Alabama.  Therefore, the motion of Gulf Caribe to dismiss for lack of personal jurisdiction or alternatively to transfer is hereby GRANTED IN PART and the joint motion to transfer is hereby GRANTED.  Rec. Docs. 13; 17.

      Accordingly,

      IT IS ORDERED that this matter is TRANSFERRED to the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1404(a).

      New Orleans, Louisiana, this 30th day of July, 2008.

HELEN G. BERRIGAN  
UNITED STATES DISTRICT JUDGE