# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STEVE KUITHE, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0458-WS-C |
| | ) |
| GULF CARIBE MARITIME, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's appeal, (Doc. 46), of the Magistrate Judge's order, (Doc. 45), granting the defendant's motion to compel an independent medical examination ("IME"). (Doc. 37). The plaintiff has filed a brief and the defendant a response, (Docs. 47, 48), and the appeal is ripe for resolution.

The Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e).

The Magistrate Judge found that the defendant had not previously requested an IME and that the requirements for an initial IME were satisfied. (Doc. 45 at 8-9 & n.14). The Magistrate Judge further found that the more restrictive requirements for a second IME were also satisfied. (*Id*. at 9-13).

The plaintiff's argument on appeal is that certain evidence, which was not presented to the Magistrate Judge, "hopefully" may "undermine the factual correctness" of his finding concerning the propriety of a second IME. (Doc. 46 at 1). There are multiple fatal flaws in this argument.

First, the plaintiff admits that the Magistrate Judge's finding is "not unreasonable," based on the evidence presented to him. (Doc. 46 at 2). A factual finding that is not unreasonable is not clearly erroneous and so will not support reversal on appeal. The

plaintiff has offered no authority for the proposition that a district court can rely on evidence not presented to the Magistrate Judge in order to find his reasonable finding to be clearly erroneous.

Second, even now the plaintiff does not know whether the additional evidence will support his position as to the facts but is merely "hopeful" that it will do so. This is especially curious, since the additional evidence is the depositions of two of the plaintiff's doctors, which his counsel presumably attended. Evidence the content of which is unknown even to the party relying on it cannot possibly show that the Magistrate Judge's ruling was clearly erroneous.

Third, even could the plaintiff's argument be credited, it would establish clear error only with respect to the second basis of the Magistrate Judge's ruling. As an independent ground of his decision, the Magistrate Judge found that the defendant had not previously requested an IME and held that the defendant met the requirements for an initial IME. The plaintiff has not appealed that ruling, so it remains intact. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

For the reasons set forth above, the Magistrate Judge's order requiring the plaintiff to submit to an IME is **affirmed**.

DONE and ORDERED this 6th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE