# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVE KUITHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0458-WS-C |
| ) | |
| GULF CARIBE MARITIME, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the plaintiff's motion to extend pretrial deadlines and file a first amended complaint. (Doc. 78). The parties have filed briefs in support of their respective positions, (Docs. 79, 83), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be denied.

This Jones Act case was filed in the Eastern District of Louisiana in November 2007. (Doc. 1). It was transferred to this District in August 2008. (Doc. 22). In their Rule 26(f) report, the parties requested until January 12, 2009 to amend the pleadings. (Doc. 27 at 4, ¶ 6). The Magistrate Judge's ensuing Rule 16(b) scheduling order established the deadline as requested. (Doc. 29, ¶ 4). The parties did not seek to extend this deadline before or after it expired. In late March 2009, the parties filed a joint motion to amend the scheduling order to extend certain discovery deadlines, (Doc. 49), but they did not seek to revisit the deadline for seeking to amend the pleadings. The instant motion was filed July 2, 2009.

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the plaintiff's motion was also filed past the deadline established in the

scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff must first show good cause for his failure to comply with the scheduling order. *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).

The proposed amendment would add a demand for punitive damages for willful failure to pay maintenance and cure. This case was filed within the Fifth Circuit and was governed by *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), which precludes an award of punitive damages in such a situation. As the plaintiff recognizes, once the case was transferred in August 2008, it became subject to Eleventh Circuit precedent in this area. As the plaintiff also recognizes, the Eleventh Circuit in 2007 confirmed the availability of punitive damages in the event of a willful failure to pay maintenance and cure. *See Atlantic Sounding Co. v. Townsend*, 496 F.3d 1282 (11th Cir. 2007) ("*Townsend I*"). There was thus clear legal support of a demand for punitive damages once transfer occurred, and the plaintiff could have obtained leave to assert such a claim at any point between August 2008 and January 12, 2009. That he failed to do what the law plainly allowed does not establish good cause. *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service.").

The plaintiff argues that the correctness of *Townsend* I was "in doubt" after November 3, 2008 because the Supreme Court granted the defendant's application for writ of certiorari. *Atlantic Sounding Co. v. Townsend*, 129 S. Ct. 490 (2008). He further

argues that this doubt was not eliminated until June 25, 2009, when the Supreme Court affirmed the Eleventh Circuit.  *Atlantic Sounding Co. v. Townsend*, 129 S. Ct. 2561 (2009) ("*Townsend II*").  The plaintiff argues that *Townsend II* "at least clarified" Eleventh Circuit law and that "[a]n important change in the law or clarification ... is always considered good cause ...."

"The 'good cause' standard may be satisfied by a showing that the substantive law changed ...."  *Woodworth v. Erie Insurance Co.*, 2009 WL 1652258 at *3 (W.D.N.Y. 2009); *accord Transamerica Life Insurance Co. v. Lincoln National Life Insurance Co.*, 590 F. Supp. 2d 1093, 1100-01 (N.D. Iowa 2008); *Pumpco, Inc. v. Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  Here, however, there has been no change in the law.  Since the day the case arrived in this District, the governing law has at all times allowed a claim for punitive damages for willful failure to provide maintenance and cure.  At no time has that law changed.  The granting of cert may have created "doubt" in the sense that it became possible the Supreme Court would alter the governing law so as to take away the plaintiff's right to sue for punitive damages, but it did not eliminate *Townsend I* as controlling precedent, because "the grant of certiorari alone is not enough to change the law of this circuit ...."  *Robinson v. Crosby*, 358 F.3d 1281, 1284 (11th Cir. 2004).

The plaintiff does not explain how *Townsend II* "clarified" *Townsend I*, but it certainly did not do so in any way that matters.  The law in this Circuit at all relevant times unequivocally allowed for punitive damages for a willful failure to provide maintenance and cure, and that is precisely the holding of *Townsend II*.  Even if the Supreme Court could be said to have clarified *Townsend I*,  "a lack of clarity in the law is not a justification for [a tardy] motion to amend."  *Pitts v. Elkhart County*, 2007 WL 2286127 at *2 (N.D. Ind. 2007).

For the reasons set forth above, the motion to extend deadlines and file an amended complaint is **denied**.

DONE and ORDERED this 29th day of September, 2009.

                                                          s/ WILLIAM H. STEELE
                                                          UNITED STATES DISTRICT JUDGE