IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE KUITHE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0458-WS-C |
| | ) |
| GULF CARIBE MARITIME, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to compel payment of maintenance and cure and on the defendant's motion for partial summary judgment concerning maintenance and cure. (Docs. 34, 53). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 34, 54, 55, 62, 65, 66, 68, 69, 73, 84, 85, 111, 113), and the motions are ripe for resolution.[1] After carefully considering the foregoing and other relevant material in the file, the Court concludes that both motions are due to be denied.[2]

## BACKGROUND

In 1989, while employed with a St. Louis refrigeration company, the plaintiff experienced a torn lateral meniscus in his left knee. His treating physician, Dr. Rousch,

---

[1]The briefing on these motions stretched from February 13 to September 28. Although briefing nominally was closed in June after a period of discovery, the parties sought and received permission to file supplemental briefs in July and a second set of supplemental briefs in September.

[2]The defendant's motion for leave to file the report of Dr. Pearsall, (Doc. 66), which drew no opposition, is **granted**. The defendant's motion for leave to file additional Coast Guard records, (Doc. 68), which likewise was unopposed, is **granted**. The plaintiff's unopposed motion to file a supplemental brief, (Doc. 85), is **granted**.

found the plaintiff's left ACL to be torn or absent, non-repairable.  The plaintiff had surgery for the meniscus but did not undergo an ACL reconstruction.

In 2003, the plaintiff became employed by the defendant.  In May 2006, the plaintiff twisted his left knee while negotiating a ladder at work on the defendant's vessel ("the Accident").  He was seen by Dr. Rousch, who performed arthroscopic surgery.  He also received two independent medical examinations, one by Dr. Johnson and one by Dr. Pearsall.

The defendant initially paid maintenance and cure but stopped paying maintenance in approximately November 2007 and refused to pay for knee replacement surgery after multiple physicians recommended it.  The plaintiff filed suit in November 2007, asserting claims for unseaworthiness, Jones Act negligence, and maintenance and cure.  (Doc. 1).  The parties' cross-motions address only maintenance and cure.

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury

could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)(en banc) (emphasis in original).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (internal quotes omitted).

The parties have submitted a large number of exhibits, some of which they have not cited or have cited only generally or in part. There is no burden on the Court to identify unreferenced evidence supporting a party's position.[3] Similarly, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court's review is limited to those exhibits, and those portions of exhibits, to which the parties have specifically cited. The Court's review is similarly limited to those legal arguments they have expressly advanced.

---

[3]*E.g., Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so."); *accord Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1139 (7th Cir. 1984); *Karlozian v. Clovis Unified School District*, 2001 WL 488880 at *1 (9th Cir. 2001); *see also* Local Rule 7.2.

**I. Maximum Cure.**

"[W]hen a seaman is injured or becomes ill while employed aboard a vessel, he is entitled to daily subsistence [maintenance] and medical treatment [cure] until his maximum cure has been reached." *Kasprik v. United States*, 87 F.3d 562, 464 (11th Cir. 1996). "[M]aximum cure is achieved when it appears probable that further treatment will result in no betterment of the seaman's condition. [citations omitted] Thus, where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved." *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). The defendant argues the plaintiff has reached maximum cure and so is not entitled to additional maintenance or cure.

Dr. Rousch declared in April 2007 that his patient "has reached maximum medical improvement." (Rousch Deposition at 29). Dr. Rousch confirmed that opinion as of June 2007. (*Id*. at 28-29). Dr. Rousch defined this term to mean "[t]hat's the best you can do with him and he can't do any better." (*Id*. at 29). There is thus evidence that the plaintiff reached maximum cure in 2007.

However, there is also evidence that, in January 2008 and thereafter, physicians began recommending that the plaintiff undergo knee replacement surgery, and there is evidence they considered such surgery to be curative and not merely palliative. This creates a conflict in the evidence and precludes either side from obtaining summary judgment.[4]

---

[4] The evidence indicates that, while the plaintiff's left knee showed some arthritic change before the Accident, that change greatly accelerated after the Accident and led to a condition of bone-on-bone that supported the recommendations for knee replacement surgery. It appears that Dr. Rousch's 2007 opinion as to maximum medical improvement was made before the deterioration had become so advanced. The defendant might have obtained summary judgment had it shown that maximum cure is reached when current curative measures have been exhausted and future curative measures, though likely, are not yet appropriate. The defendant, however, neither advanced nor supported such an

**II.  Palliative Measures.**

The defendant argues it is entitled to summary judgment because knee replacement surgery is merely palliative, not curative.  It is possible, if just barely, that the cited excerpt from Dr. Johnson's deposition supports that proposition.  However, there is evidence from multiple other physicians that such surgery would be curative.

**III.  Causation.**

The parties expend considerable effort discussing whether the Accident is the sole cause or only a contributing cause (along with the plaintiff's pre-existing condition) of the need for knee replacement surgery.  The point of this exercise is unclear, because "[a] seaman may recover maintenance and cure even for injuries or illnesses pre-existing the seaman's employment unless that seaman knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed."  *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212 (5th Cir. 2006)*; accord Mobil Oil Corp. v. Oil, Chemical and Atomic Workers International Union*, 504 F.2d 272, 274 n.6 (5th Cir. 1974); *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968); *cf. Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1284 (11th Cir. 2000) (upholding award of maintenance and cure for a fall that aggravated a pre-existing condition).

The defendant cites this Court's decision in *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp. 2d 1064 (S.D. Ala. 2007), but that case does not support the proposition that cure is unavailable if a pre-existing condition was a contributing cause of the need for the requested cure (nor could it have, in light of the authority cited above).  What the Court said was that, if the requested cure is not "in any way related" to the accident aboard the defendant's vessel but is required only by the seaman's pre-existing condition, cure is not available.  *Id*. at 1074, 1078.

The defendant offers excerpts from Dr. Pearsall's deposition to show, consistent

---

argument.

with *Baucom*, that the plaintiff's pre-existing condition is the sole cause of the required knee replacement surgery. It is not clear that his testimony actually supports that proposition but, in any event, there is substantial evidence to the contrary, including from Dr. Pearsall himself.

## IV.  Concealment.

As noted, an employer may escape liability for maintenance and cure if the seaman concealed his condition. The defendant argues the plaintiff did so and is thus disqualified.

"[W]here a shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure." *McCorpen*, 396 F.2d at 549. There is no evidence that the plaintiff was required to submit to a pre-hiring medical examination; instead, the defendant relies on an examination by Dr. Hamilton occurring almost a year after the plaintiff was hired. The defendant argues the *McCorpen* test "should be based on the materiality of the concealment or non disclosure, as opposed to the timing of it," (Doc. 69 at 6), but by its terms *McCorpen* requires a "pre-hiring" examination, not a later one. *See also id.* at 548 ("Where the shipowner does not require a pre-employment medical examination or interview," the rule of exclusion does not apply). The new Fifth Circuit has continued to enforce this limitation. *See Johnson v. Cenac Towing, Inc*., 544 F.3d 296, 301 (5th Cir. 2008) (for *McCorpen* to apply, the concealed information must have been material "to the employer's decision to hire the seaman"); *Brown v. Parker Drilling Offshore Corp*., 410 F.3d 166, 171 (5th Cir. 2005) (same); *Jauch,* 470 F.3d at 212 (for *McCorpen* to apply, the plaintiff must have concealed his condition "at the time he was employed").

The defendant cites three cases for the proposition that concealment of a physical

condition on a post-hiring medical examination also precludes maintenance and cure. The two district court cases appear to support the proposition, but they are from other circuits and so are not bound, as is this Court, by *McCorpen*. The third case does not involve a post-hiring concealment but concealment at the time of hiring. *Hernandez v. Bunge Corp.*, 814 So. 2d 783, 792 (La. App. 5 Cir. 2002).

The defendant submitted the affidavit of its operations manager, who testified that, during a pre-hire interview, he "had a general discussion with [the plaintiff] concerning previous injuries," during which the plaintiff did not disclose any knee issues. (Bates Affidavit, ¶ 7). The plaintiff has moved to strike this paragraph as sham, given Bates' deposition testimony that he could not recall any specifics from his pre-hiring discussion with the plaintiff. (Doc. 74; Doc. 73 at 8-14). The defendant, however, did not identify Bates' affidavit as support for its *McCorpen* defense, instead relying exclusively on Dr. Hamilton's post-hiring examination. (Doc. 54 at 18). Accordingly, the motion to strike is **denied as moot**.

## V.  Non-Disclosure.

"Where the shipowner does not require a pre-employment medical examination or interview, the rule is that a seaman must disclose a past illness or injury only when in his own opinion the shipowner would consider it a matter of importance. ... [The defendant] will be liable if it is found that there existed reasonable grounds for the seaman's good-faith belief that he was fit for duty." *McCorpen*, 396 F.2d at 548-49. The defendant argues the plaintiff is precluded from receiving maintenance and cure under this rule.

The defendant acknowledges that the existence of reasonable grounds is usually a fact issue not amenable to summary judgment. (Doc. 54 at 23). It nevertheless argues that summary judgment should be granted because there is evidence in the medical record that the plaintiff recognized he was having knee stability problems. The trouble is that all of this evidence predates the Accident by 14 years or more, and the defendant has failed

to show that, despite a knee asymptomatic for over a decade, the plaintiff as a matter of law lacked reasonable grounds to believe himself fit for duty.

The defendant suggests the plaintiff had a duty of disclosure because the defendant "expected" it. *McCorpen*, however, states that non-disclosure can preclude payment of maintenance and cure "only" in the situation it describes. Absent authority for its position, which the defendant does not provide, the Court must reject it.

The parties debate whether the plaintiff's statement to Bates, sometime before the Accident, that his knee had been "scoped" satisfied any duty of disclosure under *McCorpen*. Since the defendant has failed to show that the plaintiff as a matter of law lacked reasonable grounds to believe he was fit for duty, it has failed to show he had a duty of disclosure, which obviates consideration of whether he satisfied any such duty.

## VI. Day Rate.

The plaintiff seeks a day rate for maintenance of $72.05, while the defendant champions a $15.00 rate per the collective bargaining agreement. Because it remains to be determined whether the plaintiff is entitled to maintenance at all, it is premature to address questions of amount.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to compel payment of maintenance and cure, and the defendant's motion for partial summary judgment concerning maintenance and cure, are **denied**.[5]

DONE and ORDERED this 5th day of October, 2009.

---

[5] Because the Court has not relied on anything contained therein, the defendant's motions to strike hearsay reports and the declaration of Dr. Cobb, (Docs. 56, 57), are **denied as moot**.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE