IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVE KUITHE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0458-WS-C |
| | ) |
| **GULF CARIBE MARITIME, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the defendant's motion to quash notice of deposition. (Doc. 127). The parties have filed briefs and other materials in support of their respective positions, (Docs. 128, 130, 131), and the motion is ripe for resolution.

The deponent, David Gatewood, is a former employee of the defendant. He was the first person to come upon the plaintiff after his injury, and he also has information concerning the plaintiff's health prior to the accident, the configuration of the barge, the safety of the ladder employed by the plaintiff relative to other ladders on board, and the reasons the crew used the ladder on which the plaintiff was injured. (Doc. 131 Attachment). The discovery deadline as to such witnesses was July 15, 2009. (Doc. 92 at 1).[1]

Neither plaintiff nor defendant attempted to depose Gatewood during the discovery period. The plaintiff noticed Gatewood's deposition on an unknown date in October 2009, but apparently late in the month.[2] The deposition is noticed for tomorrow morning,

---

[1] Discovery was extended to October 2 for certain narrow purposes, but deposing witnesses such as Gatewood was not among them. (*Id.*).

[2] The deposition notice's certificate of service leaves the date of service blank. (Doc. 127, Exhibit A at 2). Since the plaintiff does not object that the defendant delayed too long in filing a motion to quash, the Court concludes that service of the notice was recent.

November 4.  The notice specifies that the deposition is "for all purposes permitted under the Federal Rules of Civil Procedure, including perpetuation."  (Doc. 127, Exhibit A at 1).

The defendant raises a number of objections, but one is dispositive.  As noted, the discovery deadline expired over three months ago, and the plaintiff cannot avoid the effect of that deadline by couching Gatewood's deposition as a "trial deposition."  As the Court made clear at the final pretrial conference, once the discovery deadline passes the parties may take further depositions by agreement but cannot rely on the Court to require that they be allowed if the parties do not agree.  This is in accordance with Eleventh Circuit law.

> The district court's identical treatment (for timing purposes) of discovery and de bene esse depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two. ...  For a court to treat discovery deadlines as applying to all depositions is not an uncommon or inherently unreasonable kind of shorthand to say "be done with deposition taking by 'X' date."  So, parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date.

*Chrysler International Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002).

The defendant notes that the pretrial order allows trial depositions to be taken until December 11.  That the Court imposed a post-discovery deadline for the parties to take trial depositions by agreement did not open the door for depositions without agreement, as the Court made clear at the final pretrial conference.

There are of course times when the unavailability of a witness for trial is revealed only after the discovery deadline passes.  In such a case, the Court might become involved in ensuring that the surprised party can take and use the newly unavailable witness's trial deposition over the opponent's objection.  The plaintiff, however, does not suggest that Gatewood only recently became unavailable.  On the contrary, Gatewood's February 2009 declaration was executed in Jacksonville, Florida, so the plaintiff has

known for at least nine months that Gatewood is more than 100 miles from Mobile and beyond the subpoena power of the Court.

Because the Court will not become involved in the parties' efforts to take post-discovery depositions, the defendant's motion to quash is not granted but is deemed **moot with explanation**. The deposition is not quashed, but should the plaintiff proceed without the defendant's agreement, no part of the deposition will be usable at trial.[3]

DONE and ORDERED this 3rd day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Review of the defendant's other objections is premature, but the defendant is not precluded by this order from re-asserting them should Gatewood be presented live at trial.