# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVE KUITHE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0458-WS-C** |
| | ) | |
| **GULF CARIBE MARITIME, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion for sanctions.  (Doc. 139).  The basis of the motion is that the plaintiff has improperly divulged in his filings matters from the two mediations conducted in this case.  The requested sanction is that the plaintiff be precluded from offering any expert testimony at trial or, in the alternative, that he be precluded from offering experts as to damages.

Any reference to matters occurring at mediation would of course be improper.  The defendant argues the extreme sanction of excluding the plaintiff's experts is warranted because the Court has been tainted by the disclosures and the bell cannot be unrung.  (Doc. 139, ¶ 14).  The defendant relies on a case in which the disclosures — which were vastly more broad than those apparently at issue here — were made directly to the plaintiff's experts, who presumably relied on them in forming their opinions and who would be subject to cross-examination regarding them were they allowed to testify.  *Irwin Seating Co. v. International Business Machines Corp*., 2006 WL 3446584 (W.D. Mich. 2006).

There has been no similar taint here.  The first allegedly improper disclosure occurred in a document directed to the Magistrate Judge, and the Court has not and will not read it.  The second allegedly improper disclosure, which was in a filing directed to the Court, at most indicates the parties are far apart on settlement, with no dollar amounts

given.  (Doc. 138 at 5).  While this is a bench trial, the defendant has not explained how the less-than-shocking revelation that the parties disagree on the settlement value of the case could even conceivably affect the trial or its result.[1]

For the reasons set forth above, the motion for sanctions is **denied**.

DONE and ORDERED this 13th day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]The defendant speculates that the plaintiff's experts may have been given information from the first mediation, (Doc. 139, ¶ 13), but speculation is no basis for sanctions, especially the extreme one proposed here.