### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **STEVE KUITHE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0458-WS-C |
| | ) |
| **GULF CARIBE MARITIME, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter is before the Court on the plaintiff's motion in limine to exclude or limit the expert testimony of the defendant's expert, W.T. Ames. (Doc. 134). The motion is explicitly a *Daubert* motion. (*Id*. at 3, 18-19). The defendant has filed an objection based on the untimeliness of the motion. (Doc. 136).

"All pretrial motions, including without limitation motions in limine and *Daubert* motions, must be filed no later than 14 calendar days before the pretrial conference." (Doc. 77). This July 2009 order echoed the Court's September 2008 order that "**[a]ll challenges to expert witnesses, including *Daubert* motions, must be filed not later than two weeks prior to the Final Pretrial Conference**." (Doc. 29 Attachment at 3 (emphasis in original)). The final pretrial conference was conducted on October 8, so the plaintiff's motion was due no later than September 24. It was filed November 10.

"We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Thus, "in order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). These deadlines "are not meant to be aspirational," and a litigant does not "ha[ve] carte blanche permission to perform when he desires." *Young v. City of Palm Bay*, 358 F.3d 859, 864

(11th Cir. 2004).  The Eleventh Circuit has repeatedly employed this rule to uphold trial courts' enforcement of deadlines.  *E.g., School Board of Collier County v. K.C.*, 285 F.3d 977, 981-82 (11th Cir. 2002) (untimely expert testimony); *Enwonwu v. Fulton-DeKalb Hospital Authority*, 286 Fed. Appx. 586, 595 (11th Cir. 2008) (untimely motion for summary judgment); *Edman v. Marano*, 177 Fed. Appx. 884, 886 (11th Cir. 2006) (untimely request for mental examination); *cf. Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards.").

The plaintiff indicates he is entitled to have his *Daubert* motion considered if he has good cause for not having filed it by September 24.  (Doc. 135 at 3).  The trouble is that he never articulates a reason for not filing his motion in a timely manner.  Because the plaintiff relies heavily in his motion on two depositions taken on September 23, the Court assumes he argues that the lateness of those depositions provides good cause for his tardy motion.

On August 18, the plaintiff filed a motion to extend the discovery period in order to depose Jim Peschel, (Doc. 88), which the Magistrate Judge granted on August 20.  (Doc. 92).  On August 20, the plaintiff filed a motion to allow the deposition of John Bates, (Doc. 93), which the Magistrate Judge granted on August 21.  (Doc. 94).  The plaintiff does not explain why the depositions were not taken until September 23 despite the looming *Daubert* deadline.[1]

At any rate, the plaintiff's objections to Ames do not reasonably spring from these depositions.  The plaintiff's grounds for exclusion are: (1) that Ames used OSHA regulations rather than Coast Guard regulations in formulating his opinions as to

---

[1] The deposition notices reflect that the depositions were not noticed until September 22, a full month after the Magistrate Judge allowed them.  (Doc. 135, Exhibit 3).

-2-

appropriate toe clearances for the subject ladder; (2) that Ames relied on the failure of the Coast Guard to identify the containment box as inadequate, which the plaintiff condemns as a legal conclusion at odds with the rule that such inspections do not establish seaworthiness and that the owner's duty to provide a seaworthy vessel is nondelegable; and (3) that the accident site "may" have been modified before Ames' inspection.  (Doc. 134; Doc. 135 at 4-5, 17, 21).  Every one of these items was known to the plaintiff long before September 23.  Ames' report, which was delivered to the plaintiffs in February, expressly relies on 29 C.F.R. 1917.118 and expressly relies on the ladder's passing numerous Coast Guard and other inspections over the years.  (*Id*., Exhibit 1 at 5, 6).  The possibility that the containment box had been changed after the accident came to the plaintiff's attention in July.  (Doc. 88 at 1-2).

It appears the plaintiff believes it was appropriate not to challenge Ames' known reliance on OSHA regulations until Peschel indicated in his deposition that Coast Guard regulations rather than OSHA regulations were applicable to the barge.  (Doc. 135 at 9).  The plaintiff does not explain why his multiple liability experts and his multiple lawyers were entitled to wait until a lay employee of the defendant pointed out the difficulty of applying OSHA regulations to a barge.  If they were unaware of the argument before Peschel's deposition, they have not been shown to have been reasonably so.

Even had the September 23 depositions been revelatory, the plaintiff has not explained why it took him a full seven weeks following the depositions to file his motion in limine.  At the pretrial conference on October 6, the plaintiff announced he would file no *Daubert* motions but would raise *Daubert* grounds at trial.  Even after the Court disabused him of this notion, the plaintiff waited over a month to file the instant motion.

The plaintiff has not shown good cause for disregarding the September 24 deadline for *Daubert* motions.  His motion in limine is thus **denied**.  The parties should not assume the motion would have been granted had it been timely filed.

DONE and ORDERED this 17th day of November, 2009.

                                                    s/ WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE