**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **STEVE KUITHE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 08-0458-WS-C** |
| | ) |
| **GULF CARIBE MARITIME, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter is before the Court on the defendant's motion to exclude certain fact witnesses. (Doc. 109). The plaintiff has filed a response and the defendant a reply, (Doc. 118 at 22-23, Doc. 122, Doc. 123 at 1-4),[1] and the motion is ripe for resolution.

The plaintiff was required to disclose persons likely to have discoverable information he might use to support his claims. Fed. R. Civ. P. 26(a)(1)(A)(i). He was also required to respond to the defendant's interrogatories requesting any person "who has knowledge of the facts of this case or whom you expect to call as a witness." (Doc. 109 at 2). Supplementation of the plaintiff's disclosures and responses was required "in a timely manner" after learning they were incomplete, unless the additional information had otherwise been made known to the defendant. Fed. R. Civ. P. 26(e)(1)(A). Such supplementation was to be made at least monthly and no later than July 16, 2009. (Doc. 50 at 2, ¶ 7).

The plaintiff first identified Nick Whitacre on July 23 and Zbigniew Zukowski on August 3. (Doc. 123 at 1). The defendant argues that the plaintiff should be precluded from using these witnesses pursuant to Rule 37(c)(1). (Doc. 109 at 2-3). That rule provides in pertinent part:

---

[1] The plaintiff's motion to file supplemental memorandum, (Doc. 122), which the defendant has not opposed, is **granted**.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The burden is on the nondisclosing party to demonstrate either that its failure to disclose was substantially justified or that the failure is harmless.[2]  This determination is left to the broad discretion of the lower court.[3]

The parties dispute whether the late disclosure was substantially justified, but the Court need not resolve that issue because the late disclosure was harmless.  The defendant argues the plaintiff's tardy disclosure was not harmless because it occurred after the discovery period expired on June 15, thereby precluding the defendant from taking the new witnesses' depositions.  (Doc. 109 at 3; Doc. 123 at 2-3).  But the defendant has not represented that it would have taken the depositions of these witnesses had they been disclosed earlier, and it failed to seek the depositions of any of the plaintiff's non-medical witness, lay or expert.  (Doc. 118 at 23; Doc. 122 at 5).  In light of the evidence that the defendant would not have taken the witnesses' depositions even had they been disclosed before June 15, the Court concludes that the plaintiff has met its burden of showing that his failure to disclose the witnesses earlier was harmless.

For the reasons set forth above, the motion to exclude Whitacre and Zukowski is **denied**.

---

[2] *E.g., Roberts ex rel. Johnson v. Galen, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citing Fifth and Seventh Circuit cases); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citing a First Circuit case); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *accord Morrison v. Mann*, 271 Fed. Appx. 841, 845 (11th Cir. 2008).

[3] *E.g., David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998); *accord Morrison*, 271 Fed. Appx. at 845.

DONE and ORDERED this 17th day of November, 2009.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE